UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FILED
OCT 29 1984

EYVUN MENDENHALL
U. S. DISTRICT COURT
E. DISTRICT OF MO.

COLONEL THEODIS BROWN, et al., )
)
             Plaintiffs,    )
)
vs.                                )    No. 84-2189 C (2)
)
GORDON D. SCHWEITZER, et al., )
)
             Defendants.   )

## MEMORANDUM AND ORDER

This matter is before the Court on the separate motion of defendant City of St. Louis to dismiss.[1] Defendants have filed a memorandum in support of their motion. Plaintiff Colonel Theodis Brown has filed an "objection of failure to state a legal defense" to a claim in response thereto.

Plaintiff makes a number of allegations in his complaint against Gordon D. Schweitzer, Sheriff of the City of St. Louis, the City of St. Louis, the Mayor of the City of St. Louis, and "un-named additional co-conspirators." He alleges that Schweitzer is not qualified under a number of Missouri statutes to hold his present position and requests quo warranto in his effort to oust Schweitzer from office. Plaintiff also alleges that Schweitzer violated his oath of office, code of ethics and bond and asks the Court for a declaratory judgment to the effect that, should Schweitzer be reelected, his bond shall not be renewed. Plaintiff also alleges that defendants violated Mo.Rev.Stats. §§115.629-115.637 and 130.028 by stealing sample ballots and printing and circulating false and misleading statements. Plaintiff further alleges violations of the Voting Rights Act of 1965 and the Federal Communications Act of 1934, §315, because voters have been

---

[1] Defendant City has filed what is styled a motion to dismiss but has attached a number of exhibits. The Court has in no way considered the exhibits in ruling on the motion to dismiss.

allegedly defrauded on the issue of the qualifications or lack thereof, of the candidates for the Sheriff's office and thus voters are unable to make informed and intelligent voting decisions. Plaintiff finally alleges violations of the Civil Rights Act, 42 U.S.C. §§1981, 1983, 1984, and of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution as the "policies & practices and conspiracies of the defendants constitute social discrimination." Plaintiff requests that his suit be certified as a class action. He prays for $50 actual damages and $50 punitive damages, for a declaratory judgment that Schweitzer forfeited his office and for Schweitzer's ouster from office. Under 28 U.S.C. §1915 an action is frivolous and may be dismissed pursuant to §1915(d) if it fails to state a claim upon which relief can be granted. Martin-Trigona v. Stewart, 691 F.2d 856, 858 (8th Cir. 1982); Matz v. Kelsch, 638 F.2d 48, 49 n. 2 (8th Cir. 1981). A pro se civil rights complaint is held to less stringent standards than those required of complaints drafted by an attorney, Hughes v. Rowe, 449 U.S. 5, 9 (1980) (per curiam); McNally v. Pulitzer Publishing Company, 532 F.2d 69, 73 n. 3 (8th Cir. 1976) cert. denied, 429 U.S. 855 (1976), and can be dismissed for failure to state a claim only if it appears beyond doubt that the plaintiff could prove no set of facts supporting a claim for relief. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Guy v. Swift and Company, 612 F.2d 383 (8th Cir. 1980) (per curiam).

Plaintiff alleges that defendants have violated the Voting Rights Act, 42 U.S.C. §1971 et seq., the Communications Act, 47 U.S.C. §153, and the First Amendment as they relate to

> the public voters being defrauded on the issues of the qualifications [or] lack of qualifications of the major candidates to be voted on in the general election, whereby the public voters were denied their constitutional rights to cast an informed, intelligent vote in the favor of the natural logical candidate of their true choice. Instead of falling victim to the defendants and [co-defendant's] unfair policies & practices of playing so called "southern politics, and Black code policies" whereby the qualifications, credentials, contributions & accomplishments of the only minority candidate for Sheriff was [sic], taken out of context and

2

        denied rights under the First Amendment of the U. S.
Constitution from the public voters as a public figure
seeking elected office, in an American democracy.

Section 315 of the Communications Act applies only to persons who are licensees within the meaning of the Act. "Licensee" means the holder of a radio station license granted or continued in force under the authority of Chapter 5 of the Act. 47 U.S.C. §153(c). Plaintiff nowhere alleges that any of the defendants are licensees within the meaning of the Act. Thus, plaintiff's claim under section 315 will be dismissed.

Plaintiff's Voting Rights Act and First Amendment claims must also be dismissed for failure to state a claim. The Voting Rights Act was enacted to guarantee that there will be no discrimination with regard to race or color as far as voting rights are concerned. 25 Am.Jur.2d Elections §57 (1966). See also United States v. Mississippi, 380 U.S. 128, 138 (1965). Plaintiff has not alleged discrimination with regard to voting rights. His complaint is essentially that Schweitzer, the City of St. Louis, the Mayor of St. Louis, and the other unnamed co-conspirators have tended to downplay plaintiff's qualifications for the office of Sheriff while they have supported Schweitzer's candidacy for reelection to that office. These are common campaign practices which do not affect plaintiff's right to vote, nor do they violate his First Amendment Rights.

Plaintiff also alleges violations of 42 U.S.C. §§1981, 1983 and 1985. Section 1981 provides:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

None of the allegations set forth in plaintiff's complaint allege discrimination with regard to the activities enumerated in the statute. Accordingly, plaintiff's claim under §1981 will be dismissed.

Plaintiff's claim under 42 U.S.C. §1983 must also be dismissed for failure to state

a claim. In order to state a claim under §1983 plaintiff must show that he has been deprived of a right secured by the Constitution or the laws of the United States. **Adickes v. H. Kresse & Co.**, 398 U.S. 144, 150 (1969). Plaintiff's claims under the Communications Act, the Voting Rights Act, and the First Amendment, are his only claims that he has been deprived of a right secured by the Constitution or laws of the United States. As above discussed, these claims are without merit. Thus, plaintiff has failed to state a claim under §1983.

Plaintiff also alleges that defendants have violated his rights under 42 U.S.C. §1985. This claim, too, is without merit. Nowhere has plaintiff shown that he has been deprived of my "otherwise defined federal right" as is required for a §1985(3) claim, **Great American Federal Savings Loan Association v. Novotny**, 442 U.S. 366, 376 (1979), nor that any "force, intimidation, or threat" was used against him as required by §1985(1) and (2).

The remainder of plaintiff's claims allege violations of a number of Missouri statutes. Although the Court may have the power to decide these state claims under its pendent jurisdiction, see **United Mine Workers v. Gibbs**, 383 U.S. 715 (1965), the exercise of its pendent jurisdiction is within the discretion of the Court. **Id.**, at 726; **Mayor of Philadelphia v. Educational Equality League**, 415 U.S. 605, 627 (1973). The Court in **Gibbs**, 383 U.S. at 726, indicated that "if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the State claims should be dismissed as well." Given the fact that the federal claims have been dismissed, this Court will also dismiss the state claims.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss be and is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's complaint be and is dismissed without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion to compel state public safety

4

director to revoke illegally obtained non-elected peace officer certification issued defendant, motion to compel election board officials to strike defendant's name off November 6, 1984, general election ballot as unlawful, invalid and disqualified candidate for Sheriff, and motion for summary judgment be and are **DENIED** as moot.

Dated this  29th  day of  October , 1984.

*Edward L. Filippine*
UNITED STATES DISTRICT JUDGE

# United States District Court

EASTERN DISTRICT OF MISSOURI
OFFICE OF THE CLERK
1114 MARKET STREET
Saint Louis, Missouri 63101
October 29, 1984

EYVON MENDENHALL
CLERK

PHONE: 314-425-4315
FTS 279-4315

Colonel Theodis Brown

Charles W. Kunderer

A. Robert Belscher

RE: BROWN, THEODIS (COLONEL) vs. SCHWEITZER, GORDON et al.
84-2189C(2)

\_\_\_\_ Enclosed is a copy of an ORDER entered this date by the Honorable Edward L. Filippine in the above-styled cause.

\_\_\_\_ Enclosed is a copy of an ORDER & MEMORANDUM entered this date by the Honorable Edward L. Filippine in the above-styled cause.

XX   Enclosed is a copy of a MEMORANDUM & ORDER entered this date by the Honorable Edward L. Filippine in the above-styled cause.

\_\_\_\_

Very truly yours,

EYVON MENDENHALL, CLERK
BY: *Karen Clay*
    Deputy Clerk

Encl.